IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN WILLIAMS, #279 734, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-945-WKW |
| | ) | [WO] |
| LUTHER STRANGE, | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama, files this 42 U.S.C. § 1983 action challenging provisions of ALA CODE § 15-20A-16 which governs contact by adult sex offenders with former victims and ALA CODE § 15-20A-18 which requires that "[e]very adult sex offender who is a resident of this state shall obtain, and always have in his or her possession a valid driver license or identification card issued by the Alabama State Law Enforcement Agency." Plaintiff requests declaratory relief and any other relief the court deems appropriate. Upon review, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

## I. DISCUSSION

Under 28 U.S.C. § 1915(e), a court is authorized to allow indigent litigants to proceed *in forma pauperis* without paying administrative costs of proceeding with a civil or criminal action or appeal. The statute, however, protects against abuses of this privilege by allowing a district

---

[1] Plaintiff was granted leave to proceed in this action *in forma pauperis*. Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)-(iii).

court to dismiss a case "at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Similarly, under 28 U.S.C. § 1915A, courts are required, before docketing (or as soon as practicable), to "screen" the complaint.  28 U.S.C. § 1915A(a). Upon this screening, "the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b).

A complaint permitted to proceed *in forma pauperis* which merely "repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915[e](2)(B)(i)]" as "malicious."  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (citations omitted) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *Bagby v. Karriker*, 555 Fed. App'x. 405, 406 (5th Cir. 2014) (unpublished) (affirming the dismissal of the complaint as malicious and frivolous because it duplicated a prior action as the claims it raised could be fairly said to be arising from the same series of events); *Perry v. Culliver*, 2012 WL 1994917, at *2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), adopted, 2012 WL 1994914 (S.D. Ala. 2012). "A litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

In determining whether a dismissal is warranted, there is no specific test to follow. Rather, courts are "vested with especially broad discretion."  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Courts generally look to the identity of the parties, the legal and factual claims, and the relief sought to determine if the complaint is repetitive or malicious.  *See Bailey*, 846 F.2d

2

at 1021; *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc*., 572 F. Supp. 1210,

1213 (N.D. Ill. 1983) ("Generally . . . a suit is duplicative of another suit if the claims, parties, and

available relief do not significantly differ between the two actions."). The complaint filed in this

case relies on the same challenge as another complaint filed by Plaintiff with this court. The court

has considered each aspect of Plaintiff's litigation and determines that his complaint is repetitive

regarding claims he presents in *Williams v. Strange*, Civil Action 2:15-CV-65-MHT (M.D. Ala.).

Here, Plaintiff files a new cause of action regarding the same subject as he presents in an

earlier cause of action filed with this court. That action remains pending.  Because the subject of

Plaintiff's complaint arises out of the same factual allegations asserted by him in the earlier civil

action,  it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as duplicative and malicious.[2]

*See Bailey*, 846 F.2d at 1021; *Ridge Gold*, 572 F. Supp.  at 1213 (N.D. Ill. 1983) ("The irrationality

of tolerating duplicative litigation in the federal system is all the more pronounced where, as here,

two federal judges sitting on the same district court are . . . devoting scarce judicial resources to

the adjudication of the same charges."); *Curtis v. Citibank, N.A*, 226 F.3d 133, 138 (2d Cir. 2000)

("As part of its general power to administer its docket, a district court may stay or dismiss a suit

that is duplicative of another federal court suit.").

---

[2] The court notes that Plaintiff's complaint is identical to a motion to amend he filed in Civil Action No.
2:15-CV-65-MHT. Doc. 44.  In that motion, Plaintiff re-asserted challenges to ALA CODE § 15-20A-16.
*Id.* He also sought to amend the complaint in order to challenge ALA CODE § 15-20A-18. *Id.* The court
denied the motion to amend. Doc. 45. In denying the motion, the court determined that Plaintiff's current
incarceration prevented ALA. CODE § 15-20A-18 from being applicable to him. *Id.* Because Plaintiff is
not currently affected by this provision, the court found he lacked standing to challenge it, and the motion
to amend was, therefore, futile. *Id.* The court further explained that the case would proceed on Plaintiff's
original complaint challenging the constitutionality of ALA. CODE § 15-20A-16. *Id.* For purposes of this
Recommendation, the court notes Plaintiff's situation has not changed regarding his attempt to once again
challenge the provisions of ALA CODE § 15-20A-18.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before April 28, 2017**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 13th day of April 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE