
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN WILLIAMS, #279734, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  CASE NO. 2:16-CV-945-WKW |
| STEVEN T. MARSHALL, | ) ) ) |
| Defendant. | ) |

## **ORDER**

Before the court is the Recommendation of the Magistrate Judge in Civil Action No. 2:16-CV-945-WKW.  (Doc. # 9.)  On May 11, 2017,[1] Plaintiff Jonathan Williams filed objections to the Recommendation.  (Doc. # 12.)  The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made.  *See* 28 U.S.C. § 636(b).

---

[1] Although the objection was received by the clerk of court on May 24, 2017—nine days after the extended deadline for objections (*see* Doc. # 11)—Mr. Williams is entitled to the benefit of "the prison mailbox rule, under which a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daniels v. United States*, 809 F.3d 588, 589 (11th Cir. 2015) (citation and internal quotation marks omitted).  Mr. Williams signed his objection on May 11, 2017 (Doc. # 12 at 12), and the undersigned "assume[s], absent evidence to the contrary, that a prisoner delivered a filing to prison authorities on the date that he signed it." *Daniels*, 809 F.3d at 589 (alteration, citation, and internal quotation marks omitted).  Therefore, Mr. Williams's objection is timely.

The Recommendation favored dismissal of Mr. Williams's complaint prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i), based on the Magistrate Judge's finding that Mr. Williams's complaint simply repeats claims he has already presented in another pending action, *Williams v. Marshall*, Civil Action No. 2:15-CV-65-MHT (M.D. Ala.). Mr. Williams also attempted to bring a new challenge to Ala. Code § 15-20A-18, the Alabama Sex Offender Registration and Community Notification Act's requirement that sex offenders carry branded identification at all times. However, the Magistrate Judge determined that the claim was not ripe because the law would not be applied to Mr. Williams while incarcerated.

In his objection, Mr. Williams sought leave to amend his complaint to dismiss the claims already presented in Civil Action No. 2:15-CV-65-MHT; his objection thus is construed as containing a motion to amend his complaint. He also averred that, in light of his imminent release from prison,[2] his challenge to Ala. Code § 15-20A-18 was justiciable. As he explained, he filed this action in order to challenge § 15-20A-18 and "does not wish to tie up precious judicial resources" in duplicative litigation. (Doc. # 12 at 1.)

Because Mr. Williams has been released from prison, he may now become subject to the branded-identification requirement; therefore, his challenge to § 15-

---

[2] Mr. Williams wrote on May 11, 2017, that he was due to be released in four weeks. (*See* Doc. # 12 at 4.) As of today's date, it appears that Mr. Williams is a free man.

20A-18 has ripened.  Moreover, Mr. Williams has asked to trim the fat from his complaint to avoid entangling the court in unnecessary or duplicative litigation. Accordingly, due to a material change in circumstances since entry of the Recommendation, it is ORDERED that the Recommendation (Doc. # 9) is REJECTED and Mr. Williams's objection (Doc. # 12) is SUSTAINED.  It is further ORDERED that Mr. Williams's motion to amend his complaint (Doc. # 12) is GRANTED.  Mr. Williams shall file, on or before **August 4, 2017**, an amended complaint that withdraws Counts 1, 2, 3, and 6, as Mr. Williams requested in his motion.

      DONE this 17th day of July, 2017.

                                    /s/ W. Keith Watkins
                          CHIEF UNITED STATES DISTRICT JUDGE